**Leon A. BJERKE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. A3–86–26.

United States District Court, D. North Dakota, Southeastern Division.

Sept. 25, 1987.

**634**

R.E.T. Smith, Wahpeton, N.D., for plaintiff.

Mark G. Fraase, Trial Atty., Tax Div. U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge, Sitting by Designation.

Plaintiff Leon A. Bjerke brings this action against the United States to recover taxes. The parties have submitted this action on stipulated facts, and the stipulated facts are so found.

This action presents a single issue: Is the plaintiff, as a limited partner, "at risk" under 26 U.S.C. section 465(b)(2) for the amount of the limited partnership's debts that he personally guaranteed? The Court holds he is not.

## FACTS

On December 29, 1976, plaintiff and other individuals executed a limited partnership agreement creating Investing Associates II, an Arizona limited partnership. Plaintiff made a capital contribution of $15,000, giving him a 3.96% share in the partnership. Plaintiff was not required to make any further capital contributions under the partnership agreement.

On that same date, plaintiff executed a personal guarantee, guaranteeing 4% of a $230,000 recourse debt upon which Investing Associates II was the primary obligor and Computer Leasing Company was the lender. Although the guarantee was executed at the same time as the partnership agreement, the agreement makes no mention of the effect of the guarantee.

In 1976 and 1977, plaintiff claimed large losses in connection with his ownership interest in Investing Associates II. The I.R. S. disallowed those losses to the extent they exceeded plaintiff's capital contribution on the grounds that plaintiff was not "at risk" for any amounts over that contribution. Plaintiff contends that he is at risk not only for the cash contributions, but also for the amount of Investing Associate II's debt he has personally guaranteed.

## DISCUSSION

Section 465(a) imposes a limitation upon the deductibility of losses arising from partnership activities. *See, Brand v. Commissioner*, 81 T.C. 821, 826 n. 10 (1983). Section 465 was enacted to prevent what Congress viewed as tax shelter abuse. *See*, S.Rep. No. 938, 94th Cong., 2d Sess. (1976), U.S.Code Cong. & Admin.News 1976, p. 2897, 1976–3 C.B. 85. Section 465(b)(2)(A) provides that: "a taxpayer shall be considered at risk with respect to amounts borrowed for use in an activity to the extent that he ... is personally liable for repayment of such amounts."

Under Arizona law, a limited partner is not liable for the debts of the partnership unless he takes part in the control of the business. Ariz.Rev.Stat.Ann. § 29–307. And by signing a guarantee agreement, a limited partner does not take part in control of the business. *Brand*, 81

T.C. at 829. Thus, upon signing a guarantee agreement, limited partners do not become personally liable for the repayment of the partnership's debts in the same respect as general partners. *Id.* at 829–30. Under section 465(b)(2)(A), a guarantor is not considered personally liable for the amounts guaranteed because the guarantor is entitled to reimbursement from the primary obligor. *Id.* at 828. *See also*, 26 U.S.C. § 465(b)(4) ("a taxpayer shall not be considered at risk with respect to amounts protected against loss ...."). Thus, Arizona partnership law, in combination with section 465, provide that a limited partner is not "at risk" for the amounts of partnership debt the partner guarantees, and, accordingly, cannot use these amounts to increase the amounts of partnership losses he can legally claim.

■ Plaintiff correctly argues that there is an exception to this general rule. Stated simply, the exception is that when a limited partner has the ultimate liability to repay the guaranteed debt, that is, when he is the obligor of last resort, then the amounts guaranteed are properly considered at risk. *See, Bennion v. Commissioner*, 88 T.C. 684 (1987). For this exception to apply, two facts must exist. First, the limited partner, through the guarantee, must directly assume the partnerships recourse indebtedness, and second, the limited partner must be obligated under the partnership agreement to make additional capital contributions to the partnership. *See, Gefen v. Commissioner*, 87 T.C. 1471 (1986); *Abramson v. Commissioner*, 86 T.C. 360 (1986).

■ The plaintiff argues that he has directly assumed recourse partnership debt because he waived any right to reimbursement in the partnership agreement. It is true that paragraph 12.4 of the agreement waives plaintiff's right to seek indemnity from the general partners for any losses he might suffer under the partnership agreement. There is, however, no waiver of plaintiff's right to recover from the partnership, as primary obligor, any amounts plaintiff becomes liable to pay under the guarantee. The only provision dealing with plaintiff's rights against the partnership, paragraph 12.4, prevents plaintiff from recovering any property other than cash upon the partnership dissolution.

The finding that paragraph 12.4 does not prevent plaintiff from seeking reimbursement from the partnership for any amounts he may have to pay under the guarantee is buttressed by the lack of the second element necessary for plaintiff to be considered at risk for the amounts he has guaranteed: the partnership agreement does not require any additional cash contributions. Thus, under the agreement, plaintiff is not required to contribute any assets to the partnership other than his initial capital contribution. It follows that any amounts he must eventually pay under the guarantee can be recovered from the primary obligor, Investing Associates II.

Plaintiff places great significance on the fact that he executed the agreement on the same day he executed the partnership agreement and he claims that signing the guarantee was a condition of becoming a partner. Plaintiff argues that these facts alone bring him within *Abramson, supra*, and make the amounts he has guaranteed "at risk." *Abramson*, however, is easily distinguishable because in *Abramson* the guarantee was incorporated into the partnership agreement by reference and the guarantors were ultimately liable as there was no primary obligor. In this case, the guarantees are not mentioned in the partnership agreement, and Investing Associates II is the primary obligor. *Abramson*, therefore, does not provide a ground upon which plaintiff can claim the amounts he has guaranteed as "at risk" amounts under section 465.

Accordingly, plaintiff's guarantee comes under *Brand* and not its exceptions. Plaintiff is, therefore, not "at risk" under section 465(b)(2)(A) for the amount of Investing Associates II's debt that he has guaranteed, and he may not include that amount when determining his maximum deduction for partnership losses.

Ordered accordingly.